NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1575
_____

UNITED STATES OF AMERICA

v.

TYHEED JEFFERSON, a/k/a SOLO,
Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-18-cr-00165-001)
District Judge: Honorable Stanley R. Chesler
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
October 28, 2019

Before: SMITH, *Chief Judge*, HARDIMAN, and PHIPPS, *Circuit Judges*.

(Opinion Filed: November 13, 2019)

_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Tyheed Jefferson appeals his judgment of sentence imposed by the United States District Court for the District of New Jersey. We will affirm.

I[1]

From 2014 to 2017, Jefferson and several relatives illegally bought firearms in Georgia and transported them to New Jersey. After law enforcement determined some firearms were related to criminal activity, the Bureau of Alcohol, Tobacco, Firearms and Explosives and local law enforcement in New Jersey launched an investigation. During the seven-month investigation, Jefferson and his relatives sold 39 firearms to a confidential informant. Jefferson also sold the informant ammunition, several high-capacity magazines, and 1,503 ecstasy pills.

Jefferson pleaded guilty to six counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and one count of possession with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a) and (b)(1)(B)(viii). According to the Presentence Investigation Report (PSR), Jefferson's criminal history score was 16, so he qualified as a career offender. With a total offense level of 36 and a criminal history category VI, Jefferson's advisory Sentencing Guidelines range was 324 to 405 months' imprisonment.

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

At sentencing, Jefferson objected to several aspects of the PSR. After rejecting all but one of Jefferson's objections, the District Court lowered Jefferson's offense level to 32, resulting in a final Guidelines range of 210 to 262 months' imprisonment. The District Court then considered the 18 U.S.C. § 3553(a) factors, opining that the "situation is appalling" in view of Jefferson's history and offenses. App. 88. Nonetheless, the Court imposed a sentence at the bottom of the Guidelines range—210 months' imprisonment—in recognition of Jefferson's health problems and his efforts to minimize the damage of his actions.

## II

Jefferson challenges his sentence on two grounds. First, he claims the District Court committed procedural error in calculating his criminal history points and applying the Guidelines. Second, he argues that his sentence is substantively unreasonable. We address each argument in turn.

## A

Jefferson's principal argument is that the District Court erred by not applying the "single sentence rule," and that resulted in his improper classification as a career offender as well as an incorrect calculation of his criminal history points. On his view, his four prior convictions consolidated for sentencing should have counted as one under that rule. We disagree. As the District Court found, the arrests and events that led to each conviction occurred on different days and involved different instances of possession, so the "single sentence rule" did not apply. USSG § 4A1.2(a)(2).

3

Jefferson also argues that the District Court clearly erred in applying a two-level enhancement for possession of a stolen firearm. The District Court based this enhancement on its finding that Jefferson's niece possessed a stolen gun on his behalf. This finding was supported by the record, so we cannot disturb it. Regardless, the two-level enhancement for possession of a stolen firearm did not affect Jefferson's offense level calculation because he had already reached the offense level cap of 29 in USSG § 2K2.1(b) ("[t]he cumulative offense level determined from the application of subsections (b)(1) through (b)(4) may not exceed level 29"). We will affirm the District Court's application of this enhancement both because Jefferson has failed to show that the Court clearly erred and because, even if it did, the error was harmless. *See United States v. Isaac*, 655 F.3d 148, 158 (3d Cir. 2011) (finding error harmless when it did not impact the criminal history category or Guidelines range).

Jefferson also challenges the two-level enhancement for his aggravating role in the gun smuggling operation. He claims this enhancement was inappropriate because he did not plead guilty to conspiracy and there was no evidence that he organized, supervised, or controlled anyone else's actions. This argument fails for two reasons. First, it's irrelevant that Jefferson did not plead guilty to conspiracy, as the District Court may consider all relevant conduct, not just the "elements and acts cited in the count of conviction." USSG § 3B1.1, introductory cmt. Second, there was ample record evidence to support the District Court's conclusion that Jefferson was an organizer, leader, manager, or supervisor. USSG § 3B1.1(c).

4

Finally, Jefferson challenges the enhancement for gun trafficking, arguing that the District Court should not have considered uncharged facts in determining that Jefferson knew or had reason to believe that the firearms would be used unlawfully. USSG § 2K2.1 cmt. n.13. Once again, we are unpersuaded. The evidence adequately supports that Jefferson sold nearly forty firearms and numerous high-capacity magazines to a confidential informant who told Jefferson he was a gang member buying the guns with drug money. Jefferson also sold the informant illicit drugs and told him that his niece, who sold guns for him, was "straight blue," a term used to describe members of the Crips gang, and "lived the 'gangster lifestyle.'" We will affirm the District Court's application of this enhancement.

In sum, we perceive no procedural error in the District Court's calculation of Jefferson's Guidelines range.

B

We turn now to Jefferson's argument that his sentence is substantively unreasonable. Jefferson cites his shortened life expectancy and the disparity between his sentence and those his relatives received.

Jefferson's sentencing disparity argument is a nonstarter because he and his relatives were not similarly situated. *See United States v. Robinson*, 603 F.3d 230, 234–35 (3d Cir. 2010). Most notably, Jefferson had a higher criminal history category and base offense level, received different enhancements, and was convicted of different offenses than his relatives.

5

We also reject Jefferson's argument that his sentence is unreasonable because it is "effectively life" because of his shortened life expectancy. The difficult situation posed by Jefferson's shortened life expectancy and lengthy sentence does not render his sentence substantively unreasonable. *United States v. Watson*, 482 F.3d 269, 273 (3d Cir. 2007) ("the mere fact that a defendant may not survive beyond his sentence does not provide a basis for a shorter sentence"). Indeed, Jefferson acknowledges that the District Court considered his shortened life expectancy, as well as his help in recovering some firearms, in sentencing him at the bottom of the Guidelines range.

*        *        *

We will affirm the District Court's judgment of sentence.